```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                                  )
UNITED STATES OF AMERICA,         )
                                  )
           v.                     )  CRIMINAL ACTION NO. 09-10301
                                  )
BRITT CARLSON                     )
                                  )
           Defendant.             )
                                  )
```

**ORDER**

July 29, 2010

Saris, U.S.D.J.

At a hearing on the issue of restitution in this case, held on June 23, 2010, the government represented to the Court that the victim of defendant's crime, and the entity entitled to restitution, was CitiMortgage. In support of its request for a restitution order, the government submitted a victim impact statement from CitiMortgage, and told the Court that CitiMortgage was the successor in interest to the original lender for the mortgage at issue. (See Gov't Mot. for Final Order of Restitution [Docket No. 32].) However, upon further investigation, the government learned that the mortgage loan obtained by the defendant had been deposited into a securitization pool, or mortgage-backed security, known as Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W5 ("2005-W5 security"). The servicer for the 2005-W5 security was an entity called Citi Residential Lending, Inc., which ceased its servicing

operations in February 2009 and transferred its books and records to CitiMortgage.  (Affidavit of Kathleen Wood, Senior Vice President of Citibank [Docket No. 38].)

The government now represents to the Court that CitiMortgage is in fact merely the servicer of the mortgage, which is held by unidentified investors with interest in the 2005-W5 security. The entity that appears to be the trustee for these parties, Deutsche Bank National Trust Company, has not filed a victim impact statement despite direct solicitation by the government. It is unclear to the Court whom the Court should designate as the actual victims in this case in a restitution order.  Based on the available record, the Court finds that CitiMortgage is not the party that suffered loss as a result of defendant's crime.  It is not even clear to the Court how CitiMortgage, as servicer, would distribute funds to the investor pool or if the pool still exists.

At this point, almost four months have passed since the Court sentenced the defendant.  In addition, the government has indicated that, in the event the Court finds there is an insufficient basis to order restitution, the government does not seek any further evidentiary hearing.  See 18 U.S.C. § 3664(g)(1) (victims cannot be compelled to participate in any phase of a restitution order).

Given the complexity of this mortgage-backed security and its ownership, the Court does not order restitution to

CitiMortgage.

                                                  /s/PATTI B. SARIS
                                                  PATTI B. SARIS
                                                  UNITED STATES DISTRICT JUDGE